# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALVIN WILLIAMS, #337-078 | * |
| Plaintiff | * |
| v | *  Civil Action No. JFM-15-2131 |
| JOAN C. FRASER | * |
| Defendant | * |
| | *** |

## **MEMORANDUM**

Alvin Williams, presently incarcerated within the Maryland Division of Correction and housed at Eastern Correctional Institution, filed a civil rights action against his privately retained counsel, alleging she threatened to perform poorly at trial and ensure Williams' conviction and life sentence if he did not pay the balance of $5,000 due for representation. Williams seeks the return of all monies paid to defense counsel and a "declaratory order requiring counsel to admit wrong[doing] in post[-]conviction or to admit so my post [conviction] can be reopened."[1] ECF No. 1 at 3. In his court-ordered supplement, Williams indicates his January 12, 2007 conviction occurred in Baltimore City Circuit Court in Criminal No. 106023008.[2] ECF No. 4.

This court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In making this determination, "[t]he district court need not look beyond the complaint's

---

[1] This court has no mandamus jurisdiction over the state courts, and cannot compel the state to reopen Williams' post-conviction petition nor compel his defense counsel to "admit" to misconduct during the criminal trial. *See, e.g., Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *see also* 28 U.S.C. § 1361.

[2] Williams was convicted of second-degree murder and sentenced to thirty years of incarceration. Sentencing was held on February 2, 2007. To date, his attempts to attack his conviction and sentence in the state court on appeal and by way of post-conviction relief have been unsuccessful. *See* http://casesearch.courts.state.md.us/casesearch/inquiry. To the extent Williams wishes to seek federal habeas corpus relief, the Clerk shall be directed to send him the appropriate form motion and informational packet.

allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Liberal construction of the complaint does not save it from early dismissal. A private person, including an attorney, acts "under color of" state law when engaged in a conspiracy with state officials to deprive another of his federal rights. *See Tower v. Glover,* 467 U.S. 914, 920 (1984), citing *Dennis v. Sparks,* 449 U.S. 24, 27-28 (1980). Williams, however, does not allege that counsel conspired with the State and thus acted under color of state law. Thus, Williams' claims cannot proceed under § 1983.

Further, Williams' lawsuit cannot survive initial review, as it is time-barred. While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato,* 549 U.S. 384, 387 (2007), citing *Owens v. Okure,* 488 U.S. 235, 249-250, (1989); *Wilson v. Garcia,* 471 U.S. 261, 279-280, (1985); *Cox v. Stanton,* 529 F.2d 47, 49-50 (4th Cir. 1975). Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *Cox,* 529 F.2d at 50. The running of the statute of limitations begins when an individual knows or has reason to know of his injury. *Id.* Here, the time of accrual would be at the time of injury, in February of 2007, when Williams was sentenced. Williams did not file the

instant lawsuit until after the limitations period expired; it is time-barred and thus, cannot proceed.

As noted, 28 U.S.C. §1915A requires federal courts to screen prisoner complaints and dismiss any complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. Further, under 28 U.S.C. §1915(e)(2), federal courts are obligated to dismiss cases at *any time* if an allegation of poverty is untrue or the action is legally frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Williams' claim against his defense attorney is time-barred and thus does not state a claim on which relief may be granted.

Under 28 U.S.C. §1915(g) a prisoner litigant will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Because the instant case is dismissed for failure to state a claim upon which relief may be granted, the Clerk shall be directed to note a "strike" on the docket. A separate Order follows.

August 12th, 2015

J. Frederick Motz
United States District Judge

3